# Clarence George v. Cecilia M. Goss

[398 A.2d 288]

No. 48-77

Present: Barney, C.J., Daley, Larrow and Billings, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed February 6, 1979

*George K. Belcher* of *Kilmurry & Stone Associates, Inc.*, Montpelier, for Plaintiff.

*Downs, Rachlin & Martin*, South Burlington, for Defendant.

**Per Curiam.** The plaintiff conveyed his home and farm to the defendant who in turn executed and delivered to the plaintiff a mortgage deed upon part of the premises conveyed. The description contained in the mortgage deed is as follows:

> The house located on the land conveyed to M. Cecilia Goss together with ten (10) acres of land immediately adjoining said house with the right to place a trailer on the ten acre lot if Clarence George so desires.

As a condition of the mortgage, which also granted a life interest in the ten acres to the plaintiff, the defendant promised to pay the plaintiff a monthly sum of one hundred dollars during the re-

mainder of his life. The plaintiff also received the sum of ten thousand dollars as part of the consideration for the lands conveyed to the defendant. In a civil action the plaintiff sought to have the transfer of his lands rescinded on the ground of incapacity and undue influence. The matter was heard before the court, jury waived.

The trial court made no findings of fact but in a notice of decision, later amended without notice or hearing, declared that the deed from the plaintiff to defendant was valid and reformed the mortgage so as to give to the plaintiff security upon the total acreage conveyed to the defendant. The defendant appeals from the court's action reforming the mortgage. The appeal is well taken. Although it would have been better if the court had made findings of facts and conclusions of law upon its own initiative, it was not compelled to do so because requests for findings were not timely made. V.R.C.P. 52. Furthermore, neither party has briefed the court's failure to do so, and any claim of dereliction on the part of the court has been waived. *In re Smith, Bell & Hauck Real Estate, Inc.*, 132 Vt. 295, 300, 318 A.2d 183, 187 (1974).

Under our law, the party seeking reformation has the duty of establishing, beyond a reasonable doubt, the true agreement to which the contract in question is to be reformed. *Kilcullen* v. *Dery*, 133 Vt. 140, 142, 334 A.2d 410, 411–12 (1975); *LaRock* v. *Hill*, 131 Vt. 528, 530, 310 A.2d 124, 126 (1973). Our review of the record convinces us that there is no evidence which would support the court's decision and judgment of reformation. The cause will be reversed and remanded for the entry of a judgment order limiting the security of the mortgage lien to the lands previously described in this opinion. Payments are to be made under the conditions set forth in the unreformed instrument.

*Judgment reversed and cause remanded for the entry of a new judgment order consistent with the dictates of this opinion.*