## Sheri S. Kaplan v. Daniel N. Kaplan

[463 A.2d 223]

No. 82-028

Present: **Billings, C.J., Hill, Underwood and Peck, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 7, 1983

*Richard H. Wadhams, Jr.,* and *Emily R. Morrow* of *Pierson, Affolter & Wadhams,* Burlington, for Plaintiff-Appellee.

*Saul L. Agel* and *Richard H. Thomas* of *Agel & Sussman,* Burlington, for Defendant-Appellant.

**Peck, J.** Plaintiff and defendant were divorced by an order of the Chittenden Superior Court dated November 30, 1981, on the grounds the parties had lived separate and apart for six consecutive months and the resumption of marital relations was not reasonably probable. 15 V.S.A. § 551(7). The trial court did not see fit to make findings of fact. Defendant requested findings, but his request was not timely. Custody of the two minor children was awarded to the plaintiff, and defendant was ordered, inter alia, to pay to plaintiff for support of the minor children $600.00 per child per month, and to furnish the plaintiff annually with copies of his income tax returns. No alimony was ordered. Defendant filed a timely appeal. We affirm, except as to the requirement that defendant provide income tax returns, which requirement is stricken from the order.

The appeal raises three questions for our review. First, whether the court committed reversible error in failing to make findings of fact; second, whether the court erred in failing to differentiate between child support and alimony; and finally, whether the court erred in ordering defendant to provide plaintiff with copies of his annual income tax returns.

■    Although it is the better practice for trial courts to make findings of fact and conclusions of law upon their own initiative, whether requested or not, they are not compelled to do so if requests are not made, or if requests are not timely. *George* v. *Goss,* 137 Vt. 6, 7, 398 A.2d 288, 289 (1979); V.R.C.P. 52.

■■    V.R.C.P. 52(a) provides in part that the trial court, when acting as the trier of fact, shall make findings of fact and conclusions of law when requested by a party on the record or in writing within five days of the notice of decision. In the instant case, the court's notice of decision was dated and filed on November 4, 1981. Defendant's request to find was not filed until November 18, 1981. It was, therefore, not timely under the rule, and there being no other requirement for findings in these cases, no error appears.

The second issue presented by defendant, whether the trial court erred "in failing to differentiate between child support and alimony," derives from the plaintiff's express testimony that she did not want alimony. The record indicates this to be the understanding of the defendant as well. Based on this proposition, defendant argues, the record demonstrates that the $1200.00 per month awarded to the plaintiff for child support necessarily includes sums for the sole benefit of the plaintiff, exclusive of the amounts needed for the children and, therefore, more properly cognizable only as alimony. Since alimony was not awarded as such, the issue reduces to the question of whether the support order is sustained by the record.

The question demonstrates the desirability of findings, even if not required, as an invaluable aid to appellate courts. Without findings, review is rendered more difficult. *Harrigan v. Harrigan*, 135 Vt. 249, 250, 373 A.2d 550, 551 (1977). In the absence of such assistance, as in this case, we are compelled to make a broader examination of the record, at least to the extent of references contained in the briefing, than might otherwise be necessary. We have done so here, and conclude therefrom that the order is adequately supported.

At the outset, the payments to plaintiff ordered for support of the children will terminate as they reach their majority, regardless of who may benefit from such funds in the intervening years. This characteristic is not ordinarily consistent with alimony. Moreover, the mere fact that the recipient of support payments may realize some incidental and more personal benefit therefrom is not necessarily fatal in itself. Indeed such a consequence is probably inevitable at least to some degree. We do not require that support awards be so finely honed as to exclude every possibility, however remote, of derivative benefits to the custodial spouse, as long as they are not wholly inconsistent with the broad objectives of child support. These objectives may include, in the currently popular idiom, a favorable "life style" for the children, which may well redound, incidentally, as a benefit to the custodial parent. While this principle must not be so liberally construed as to justify artfully concealed alimony payments in fact, our examination of the record in this particular case satisfies us that

its parameters have not been exceeded. We will not attack the order with Occam's razor to the point of excluding every arguably derivative benefit which the plaintiff may realize.

The final issue raised by defendant challenges that part of the order which directs him to furnish plaintiff with copies of his annual income tax returns. This is a novel requirement, and one of first impression with this Court. Plaintiff argues that "[o]nly by obtaining copies of defendant's tax returns would [she] be in a position to know whether or not she would be justified in requesting a modification of the support payments." We are not persuaded. The same argument could be made in virtually every case. There is always the possibility of changes in employment, salary increases based on merit or promotion, overtime work, new or unanticipated sources of income, increased commissions, inheritances, and the like. A similar argument would support a reciprocal order, imposed upon the recipient of support payments, to provide the payor with an itemized accounting of every penny expended. We will not open the door to such a morass at either end of the spectrum.

We cannot say that such an order can never be justified in civil litigation, see *Currier* v. *Allied New Hampshire Gas Co.*, 101 N.H. 205, 207, 137 A.2d 405, 407 (1957), but we conclude it is not in this case. To approve it here, as in most instances where there is not an extremely compelling reason, would constitute unwarranted "harassment or impertinent intrusion" into individual privacy. *Id.* Moreover, it would constitute a precedent in the domestic relations law of this state which we are not yet prepared to incorporate into our common law.

■ We agree with the statement of the Supreme Court of Colorado when confronted with a similar question: "This requirement is arbitrary and capricious and under the circumstances of this case cannot be justified." *Menor* v. *Menor*, 154 Colo. 475, 482, 391 P.2d 473, 478 (1964). Accordingly, we concur with defendant on the third issue. That part of the trial court's order directing defendant to furnish plaintiff with copies of his income tax returns annually (paragraph numbered 9) must be stricken.

*Judgment affirmed except as to paragraph numbered 9 of the order which is stricken therefrom.*