2005 VT 39

**Tammy SLADE v. Jeffrey SLADE**

[872 A.2d 367]

No. 04-097

¶ 1. March 23, 2005. Wife appeals the family court's final divorce order, arguing that the court's division of marital property and its award of spousal maintenance are deficient, given the law and the circumstances of this case. We affirm.

¶ 2. The parties married in 1982 and separated in 2001. They have two children, the first born in 1986 and the second in 1989. Wife and husband both worked full-time until the first child was born, at which point wife became a full-time homemaker. Wife returned to work part-time in 1993 and resumed full-time work in 1999. At the time of the hearing

before the magistrate in December 2002, wife was earning $25,000 per year working as an administrative assistant for a public school district. During the marriage, husband's income as a town employee gradually rose from approximately $25,000 to $50,000 per year until 1999 when he began earning significantly more money selling heavy equipment for a private company. In December 2002, the magistrate found that husband had gross income of approximately $150,000 per year. The parties saved little money during their marriage, however, and thus, at the time of the divorce, the entire marital estate, including the marital home, was worth about $150,000.

¶ 3. On December 20, 2002, after a contested hearing, the magistrate issued a temporary order requiring husband to pay wife $1,432 in monthly child support and $2,000 in monthly maintenance. The magistrate also awarded wife $88 in monthly supplemental maintenance to "equalize the incomes in the households and thereby ensure that the children have the same standard of living with each parent." The parties reached an agreement regarding parental rights and responsibilities, and they settled some issues related to the marital property. They could not agree on how to split up the remainder of their property or on the duration of spousal maintenance. On January 21, 2004, following hearings in November and December 2003, the family court issued a final divorce order. The court awarded wife approximately $75,000 in assets, roughly one-half of the marital estate, and $2,000 in monthly maintenance for a period of twelve years. The court ordered the parties to continue abiding by the magistrate's order on child support and supplemental maintenance. Wife filed the present appeal.

¶ 4. On appeal, wife argues that the court abused its discretion by (1) failing to award her spousal maintenance for the twenty years she requested; (2) inequita-bly distributing the marital property; (3) requiring the parties to share uninsured medical expenses; (4) giving husband a small set-off against his child support arrears; and (5) allowing husband to claim a tax exemption for his son.

¶ 5. Before reaching the merits of wife's arguments, we must address the standard of review because the final order omits findings of fact. The family court must issue fact findings if any party timely requests them, but it is not compelled to do so absent a request. V.R.C.P. 52(a); *Kaplan v. Kaplan*, 143 Vt. 102, 104, 463 A.2d 223, 224 (1983). Even if not required, however, findings and conclusions are "an invaluable aid to appellate courts," and "review is rendered more difficult" without them. *Kaplan*, 143 Vt. at 105, 463 A.2d at 225. If the court makes findings of fact — whether upon request or on its own initiative — the findings must be adequate to explain to the parties, and to this Court on appeal, how the family court arrived at its decision. *Maurer v. Maurer*, 2005 VT 26, ¶ 12, 178 Vt. 489, 872 A.2d 326. Thus, a failure to request findings has "the effect of precluding any claim challenging the adequacy of the findings" when the court does not make them on its own initiative. *Helm v. Helm*, 148 Vt. 336, 338, 534 A.2d 196, 197 (1987). The appealing party is still entitled to review, however. Where findings are neither requested nor made, this Court must assume that the trial court found every contested issue of fact necessary to sustain the judgment. *Powell v. Powell*, 645 A.2d 622, 623-24 (Me. 1994); *Pizziconi v. Yarbrough*, 868 P.2d 1005, 1009 (Ariz. Ct. App. 1993). "The question becomes whether or not, viewing that evidence in the light most favorable to the prevailing party, there is support in the evidence for the decree of

542

divorce as made."* *Helm*, 148 Vt. at 339, 534 A.2d at 198; see *Maurer*, 2005 VT 26, ¶ 22 (Katz, J., dissenting). In cases like this where the appeal centers on the family court's property distribution and award of spousal maintenance, we must also determine whether the final order falls within the bounds of the family court's wide discretion. *Johnson v. Johnson*, 155 Vt. 36, 40, 43, 580 A.2d 503, 506, 507 (1990).

¶ 6. Wife first challenges the duration of the spousal maintenance award. The family court may award maintenance if the recipient spouse lacks sufficient income or capital to meet his or her reasonable needs after divorce and cannot support him or herself through appropriate employment. 15 V.S.A. § 752(a)(1), (2); *Kohut v. Kohut*, 164 Vt. 40, 43, 663 A.2d 942, 944 (1995). The court must consider a number of factors when de-

* In *Maurer v. Maurer*, we reversed and remanded a decision concerning parental rights and responsibilities because the family court's findings were inadequate to aid our review. 2005 VT 26, ¶ 16, 178 Vt. 489, 872 A.2d 326. Like this case, the parties in *Maurer* did not ask the court to enter findings. Unlike this case, however, the family court in *Maurer* issued findings on its own initiative. *Id.* ¶ 12. That difference is critical. As the dissent in *Maurer* pointed out, the standard of review applicable to cases where no findings were requested or made seeks to ensure that the family court's decision has support in the record. *Id.* ¶ 22. That is the standard we apply in this case because, in contrast to *Maurer*, no findings were made here. We note that wife does not challenge the adequacy of the family court's findings in this case as the appellant in *Maurer* did, nor does she advocate for a different standard of review.

ciding the amount and duration of spousal maintenance, including the length of the marriage, the parties' ages and respective incomes, and the standard of living established during the marriage. 15 V.S.A. § 752(b).

¶ 7. Essentially, wife disagrees with how the court weighed the evidence in light of the statutory factors, but we find no abuse of discretion because the award fell within the range of the evidence. See *Stickney v. Stickney*, 170 Vt. 547, 549, 742 A.2d 1228, 1231 (1999) (mem.) (explaining that Supreme Court will set aside a maintenance award "only when there is no reasonable basis to support it"). At the final hearing, wife justified the request for twenty years of maintenance payments on her belief that husband owed her such payments because she saw him "through thick and thin" while they were married. Husband agreed that wife was entitled to some maintenance, but he disagreed with wife's request for an award lasting twenty years. Husband testified that twelve years was more appropriate given the length of the marriage. As husband points out on appeal, the twelve year period the court ordered means that wife will continue to receive monthly maintenance payments for approximately nine years after the parties' youngest child, who is now sixteen-years old, reaches the age of majority.

¶ 8. In ordering $2,000 in monthly maintenance for twelve years, the court stated that it reviewed the magistrate's findings on the matter, and took into consideration the length of the marriage, the age of the parties, the parties' relative expenses, the level of husband's income throughout the marriage, and the standard of living the parties established throughout the marriage. In addition, the court stated that the award's duration took into consideration husband's support of wife for two and a half years after the parties separated. The court's deci-

sion shows that it considered the statutory factors and the evidence that the parties presented on the issue of maintenance. Wife has failed to demonstrate that the court abused its discretion in awarding wife maintenance lasting twelve years.

¶ 9. Wife next argues that the fifty-fifty split of marital property was inequitable and contrary to 15 V.S.A. § 751, which requires the family court to equitably divide the marital estate. Dividing property to achieve an equitable result is not a science susceptible to hard and fast rules, however. *Plante v. Plante*, 148 Vt. 234, 237, 531 A.2d 926, 928 (1987). Thus, § 751 provides guiding criteria for the family court to consider when deciding how to divide a marital estate, including the length of the marriage, the contribution of each spouse in acquiring and preserving assets, each party's education and vocational skills, the age and health of the parties, and the respective merits of each spouse. 15 V.S.A. § 751(b).

¶ 10. Wife claims the inequity in the family court's decision is apparent in four ways: (1) she received the marital home contingent on her ability to refinance it; (2) the court failed to allocate joint credit card debt; (3) wife did not receive any benefit from a retirement fund that the parties were forced to liquidate in the mid-1990s to pay for husband's legal expenses after criminal charges were brought against him; and (4) the court's order fails to account for the parties' respective merits. None of these claims, whether considered in isolation or in the aggregate, demonstrate an abuse of discretion.

¶ 11. As to the marital home, wife testified that she wanted the home so that she and the children could remain there after the divorce. Wife also testified that she would assume the outstanding debt on the property. The court granted her request, but ordered her to refinance the mortgage to eliminate husband's liability

for it. Once wife assumed sole responsibility for debt on the home, husband was ordered to quitclaim his interest in the property. Wife argues that the family court erroneously assumed that she could refinance the property, which she may or may not be able to do considering her low income. We fail to see the inequity wife claims, and we note that this kind of arrangement is common in divorce cases as wife conceded in her brief. In light of wife's sworn trial testimony, the court did not abuse its discretion by ordering her to refinance the marital home before requiring husband to quitclaim his interest in it.

¶ 12. Wife claims that the property division was inequitable because the court did not divide the parties' credit card debt equally between them. What is equitable is a matter committed to the family court's discretion after considering all of the evidence. Wife has not shown that the allocation here was inequitable. The record shows that after the parties separated and before the final divorce decree, husband contributed a substantial amount towards the parties' joint debts. Directing each party to assume sole responsibility for debt in his or her own name, as the order in this case requires, appears fair under those circumstances.

¶ 13. We also find no abuse of discretion in the court's apparent rejection of wife's request that she receive some reimbursement for retirement funds the parties spent to pay for husband's legal expenses in the mid-1990s. Wife's argument presumes that she received no benefit from the expenditure, and it ignores the contractual nature of marriage. During their marriage, husband and wife were legally bound to support each other and their two children. Keeping husband from being imprisoned, the obvious purpose of the money they took from the retirement account, allowed husband to continue earning a living to help support

the family, including wife. The court's decision was within its discretion.

¶ 14. We next address wife's argument that husband's fault should have resulted in wife receiving a greater share of the marital property. In essence, wife challenges the weight the court afforded to the fault criterion set forth in § 751. See 15 V.S.A. § 751(b)(12) (allowing family court to consider the parties' respective merits when dividing the marital estate). A review of the transcript shows that the court was well aware of husband's fault, namely his infidelity and legal troubles. What weight to assign husband's fault in fashioning the overall property award is an issue only the family court may decide. See *LaMoria v. LaMoria*, 171 Vt. 559, 561, 762 A.2d 1233, 1236 (2000) (mem.) (restating the principle that weight and credibility determinations are matters for the trier of fact). Again, the record demonstrates that the court considered the statutory factors and the evidence introduced at the final hearing. The court exercised its broad discretion and gave the weight it felt was appropriate to husband's marital misconduct. No abuse of that discretion has been shown.

¶ 15. Finally, wife contests the court's decision to permit husband to claim their son as a dependent on his tax returns and gain the benefit of any associated deduction. Wife also claims the court erred by offsetting husband's child support and maintenance arrearage by $189.50, and that it was unfair to make the parties share the children's uninsured medical expenses. None of these claims has merit.

¶ 16. As to the issue of tax deductions, wife mischaracterizes the court's order. The final order permits husband to claim the parties' son, now almost nineteen-years old, as a dependent, and wife to claim the parties' daughter, if (1) both children qualify as deductions for tax purposes, and (2) husband is current on his support obligations as of December 31 of the relevant tax year. When only

one child is eligible as a deduction, the parties must claim the deduction on an alternating basis. We find no reason to overturn the court's decision considering that wife grounds her argument on a mischaracterization of the court's order and does not explain the real-world impact of the order on her circumstances.

¶ 17. The remaining two claims require little discussion. Wife argues that it is manifestly inequitable to offset husband's nearly $14,000 child support and maintenance arrearage by $189.50, labeling the court's decision a "Robin-Hood arrangement." We fail to see how a $189.50 offset to a $14,000 arrearage in the context of a divorce with an estate worth approximately $150,000 is "manifestly inequitable." The issue of uninsured medical expenses for the children, like the other issues wife raised here, is a discretionary matter for the family court's determination, and wife has not demonstrated that the court abused its discretion by dividing the responsibility for those expenses equally between the parties.

*Affirmed.*