*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2011-315

JANUARY TERM, 2012

| | | |
|---|---|---|
| Lisa Patnode | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Garrison Urette | } | DOCKET NO. 425-5-10 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Mother appeals a parentage order of the superior court, family division. Her principal contention is that the trial court erred in awarding father visitation in excess of the amount that he requested at trial. She also claims the court abused its discretion in failing to: (1) order father to provide 90-day notice year round of his intent to exercise parent-child contact; (2) require father to adhere to a twenty-four hour visitation cycle; (3) include a mandatory provision in the order pursuant to 15 V.S.A. § 668a(f); and (4) hold a hearing on her motion for reconsideration. We affirm.

Mother commenced this parentage action in May 2010. An evidentiary hearing was held a year later, in May 2011, and the trial court issued a final order the following July. Although, as discussed below, neither party requested findings, the record evidence may be summarized as follows. Mother resides in Vermont and father in Florida. They met at a party in Vermont, began a long-distance relationship, and had one child, born in April 2006. The relationship ended in February 2010.

The child had always resided principally with mother, and the parties agreed that she should be awarded sole physical rights and responsibilities. The main area of dispute concerned issues relating to parent-child contact with father. Father submitted a proposed two-year visitation schedule that he estimated would provide him with parent-child contact about thirty percent of the time, consistent with the amount of time mother testified father was present with the child before they ended their relationship. During the school year, the proposed schedule provided for four days of contact with father during about half the months, and nine or ten days during the other half. The father's schedule contemplated that the parents would alternate Thanksgiving and Christmas holiday times, but that holiday time was essentially folded in to father's nine-day blocks and did not constitute an "add-on" of additional time. Likewise, father proposed that the child spend February vacation with him, and alternate April vacations. Again, though, this time was folded in to his monthly block of time, and was not an "add on." Father's proposed summertime schedule provided that the child would spend nearly all of July and half of August with him.

Mother proposed a schedule that contemplated that the child would spend one long weekend per month and three weeks per year with father.

At the conclusion of the hearing, the court held a conference in chambers. Father asserts, and mother does not dispute, that during the conference the parties expressly waived findings and consented to an immediate ruling on the record. The hearing then reconvened and the court stated that it would award mother sole physical and legal parental rights and responsibilities, observing that she had done a "fine job" and that there was no basis to "carve out" legal rights for educational decisionmaking as father had requested. As for parent-child contact, the court expressed its intent to award each party alternating two week blocks during the summer, and award father one ten-day block each month during the school year, starting on a Friday after school and ending on Monday morning. In addition, the court ordered that the father would have the child during all three-day weekends and alternate school breaks, including Thanksgiving, Christmas, Easter, April and February. The court did not specifically address the question of whether the school vacation times and three-day weekends would be additional to father's ten-day blocks during the school year, or folded in to those times as proposed by father.

This question came to the fore as the trial court reviewed the parties' respective proposed written orders implementing its oral instructions from the bench. The court rejected mother's proposed order that provided that school vacations and three-day weekends were included within father's monthly blocks of contact and instead signed father's proposed order, with one modest change. The court's order provided that in the summertime the parents would have alternate two-week blocks with the child and that the child should be with mother the first and last week of the summer. With respect to school-year visitation, the court's order awarded father ten consecutive days per month of parent-child contact, beginning on Friday and ending on Monday morning. In addition, the order awarded father parent-child contact for all three-day weekends, as well as alternate school vacations (Thanksgiving, Christmas, February, and April). At mother's request, and recognizing that tacking on additional vacation time to father's regular ten-day blocks could lead to extremely long periods with father and away from mother, the trial court provided that father should not have the child for more than fourteen days at a time.

The court issued a final order to this effect, and denied mother's subsequent motion for reconsideration. This appeal followed.

Although the trial court's order clearly contemplated that father's three-day weekends in certain months were to be added to his ten-day blocks, the court's order did not indicate whether school vacations were likewise added to father's regular ten-day blocks, or whether vacation weeks were to be essentially folded in to father's blocks. In other words, it was not clear whether father was entitled to alternate school vacations *plus* a ten-day block in a given month as long as he did not tack them together to form a single block of time longer than 14 days, or whether 14 days was intended to serve as a cap not only on *continuous* parent-child contact for father, but also on his *total* monthly time with the child. This question was the subject of post-judgment pleadings, while this appeal was pending. In response to mother's motion requesting that the court clarify its intentions on this point, the trial court ruled on December 22, 2011 that "father's visitation is capped at a maximum of 14 days each month including long weekends and holidays." The trial court denied father's motion to reconsider on this point by entry order dated January 19, 2012. The appeal period has not yet run with respect to the trial court's clarification of its order. For the purpose of our analysis, we assume the order means what the trial court has since said that it means, and that father's visitation is capped at 14 days each month.

2

On appeal, mother contends the trial court abused its discretion in failing to make findings explaining why it awarded father school-year visitation in excess of the monthly ten-day period that he had requested at the original hearing. Mother did not request findings, however, and therefore may not be heard to complain about their adequacy. See Helm v. Helm, 148 Vt. 336, 338 (1987) ("Failure to so request findings would have the effect of precluding any claim challenging the adequacy of the findings."). To be sure, if the trial court makes findings they must be adequate to explain its decision, even if entered on its own initiative rather than by request of the parties. Slade v. Slade, 2005 VT 39, ¶ 5, 178 Vt. 540 (mem.). But that is not the case here; the trial court merely announced its parent-contact decision with no explanatory findings.

Nevertheless, as we explained in Slade, "[t]he appealing party is still entitled to review" even "[w]here findings are neither requested nor made." Id. In such a case, "[t]he question becomes whether or not, viewing the evidence in the light most favorable to the prevailing party, there is support in the evidence for the decree" as made. Id. Here, as mother points out, neither party argued in support of parent-child contact with father in the amount assigned by the trial court. Although father argued for parent-child contact amounting to approximately 29% of the time, the trial court's order awards father closer to 37% of the time with the child.[*]

The trial court enjoys broad discretion in determining parental rights and responsibilities and parent-child contact and is not necessarily bound to issue an order within the range of the parties' specific proposals. DeLeonardis v. Page, 2010 VT 52, 188 Vt. 94. In De Leonardis, we upheld the trial court's authority to award the defendant noncustodial parent only twenty-one percent of parent-child contact even though the plaintiff custodial parent had testified that the child's best interests would be served by equal parent-child contact. Id. ¶ 29. In that case, the record was "replete" with evidence supporting the ruling, id., including the noncustodial parent's "animosity towards the plaintiff, . . . lack of communication with plaintiff about the children and . . . propensity to act in a controlling manner." Id. ¶ 25.

Although this is a much closer case, we conclude that the trial court's parent-child contact order, as clarified by the trial court's December 22, 2011 entry order, did not exceed the bounds of the trial court's considerable discretion. The evidence supports the conclusion that father, like mother, shares a very close bond with the child, has been a significant part of her life from birth, and is well suited to meet her material and developmental needs. Moreover, Vermont's domestic relations statutes incorporate an express policy to the effect that "it is in the best interests of [a] minor child to have the opportunity for maximum continuing physical and emotional contact with both parents, unless direct physical harm or significant emotional harm to the child or a parent is likely to result from such contact." 15 V.S.A. § 650. Given these considerations, the trial court's parent-child contact order was not an abuse of discretion.

Mother's remaining claims require no extended discussion. The trial court's order requires father to provide "90 days notice of which ten consecutive days during the months of the

_____

[*] These calculations are necessarily imprecise, as the actual figures will vary depending on a host of factors including the number of three-day weekends in a given school year, whether President's Day falls within a school vacation or whether it constitutes a three-day weekend in a given year, and how the summertime weeks sugar off in light of the school schedule in a particular year. Mother contends that the order awards father over 40% of overnights with the child, but her calculations appear to be predicated on the interpretation order that allows father to take his vacation week *and* his ten-day block in a given month—an interpretation expressly rejected by the trial court.

school year he will exercise his parent-child contact." Mother contends the order is inconsistent with the court's initial ruling from the bench and an abuse of discretion. The record does not support the claim. In ruling, the court expressly noted that visitation during holidays would be "fixed" or tied to certain dates, thereby obviating the need for notice. We thus find no abuse of discretion in limiting the notice requirement to the school year visitation periods.

Mother also claims the court abused its discretion in declining to require that father adhere to a rigid 24-hour block visitation schedule, i.e., that a 3:30 p.m. pick-up must be followed by a 3:30 p.m. drop-off. The court ruled that "flexibility" was needed in light of the vagaries of air travel to and from Florida, and we find no basis to conclude that this was clearly erroneous or an abuse of discretion. The unpublished entry order on which mother relies, Miller v. Smith, No. 2005-423 (June 30, 2006), merely held that 24-hour block visitation periods were assumed in cases in which the order is otherwise silent.

Mother further contends the court erred in failing to comply with the 15 V.S.A. § 668a(f), which requires that all parent-child contact orders contain a warning that failure to comply may result in contempt charges and additional remedies. The omission may be corrected on remand.

Finally, mother contends the trial court erred in denying her motion for reconsideration without holding a hearing. A hearing is not mandatory where the court concludes that the arguments in the motion are restatements of arguments that were already considered. Dunning v. Meaney, 161 Vt. 287, 289 (1994). Therefore, we find no abuse of discretion.

The judgment is affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice