*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-410

JULY TERM, 2013

| | |
|---|---|
| Zohara Zarfati | } APPEALED FROM: |
| | } |
| | } Superior Court, Rutland Unit, |
| v. | } Family Division |
| | } |
| | } |
| Clinton Eirmann | } DOCKET NO. 161-4-11 Rddm |

Trial Judge: Nancy S. Corsones

In the above-entitled cause, the Clerk will enter:

Husband appeals the property division portion of a final divorce order.  Husband argues that the court erred in failing to assign value to wife's real property interests in Israel and in not considering the property in determining her future acquisition of assets.  Husband also contends that the court abused its discretion in determining that husband's health did not prevent him from working full time.  We affirm.

The parties were married in December 1996, and separated in September 2009.  Wife was born in Israel, immigrated to Canada in 1989, and moved to Danby, Vermont in 1997 following the parties' marriage.  Prior to the move, wife had a private psychology practice of special education students.  She also worked as a private consultant.  She continued this work intermittently throughout the marriage as well teaching in area schools.  Although she has had some health problems, they do not prevent her from being employed.  The parties have two children.  Mother was the primary caregiver for the children.  She took time away from work to care for the children and home school them.  In 2011, mother grossed $22,290 from teaching.

Husband is self-employed.  He has worked as a farmer and blacksmith/metal worker.  He is also a trained farrier.  Husband has several health issues, including back problems.  He has not applied for social security disability.  Husband reported that his income in 2011 was almost $17,000 and, in 2012, $8000.  He receives financial support from his mother and has also withdrawn money from an IRA account to support himself.

The parties resided on property owned by husband's parents in Danby, Vermont.  The structure was not finished when wife moved there in September 1997.  Some improvements were made in 1999 so there was indoor plumbing and a functional kitchen, but the floors were not finished and the heating system was inadequate making the home cold in the winter months.  In addition, there was an infestation of mice, and the solar-powered hot water did not work consistently.  The solar panels generated electricity, but when they failed the family used a generator, which did not work at times.  In 2006, husband's mother deeded to the parties the two-

acre house site outright, and an additional 12.98 acres subject to conditions preventing the parties from selling the property. The court found that "the parties have no present marketable interest in the 12.98 acre property." The house and two acres was appraised at $80,000, but is subject to a home equity loan of $71,750 and a line of credit with a balance of $24,950.

In 1998, husband's parents gave the parties 20 acres of land in the town of Pawlet. In 2008-09, the parties began building a house on the Pawlet land, and the initial work was contracted out. The house was never finished. There is no independent source of electricity and minimal plumbing. There is no working bathtub or shower. In its unfinished state, the Pawlet house is appraised at $125,000.

Wife has an interest in two properties in Israel. Wife has a one-third interest in a rental apartment in Israel; wife's mother owns the other two-thirds and receives the rent. Wife's mother also has a home in Israel, and, in 2006, for estate planning purposes, wife's mother conveyed title to wife with significant restrictions. Wife's mother retains a life estate and has the ability to rent, mortgage or sell the property. In addition, a separate power of attorney specifically enables wife's mother to sell or rent any property in Israel titled in wife's name, including the apartment. Husband's evidence was that the Israel apartments were worth $233,000 and $177,000.

The remainder of the marital estate included some investment and IRA accounts, wife's teacher pension, defendant's tools, cars, and a truck. In addition, the parties had credit card debt of $13,200.

Following a four-day hearing, the court issued a written order. The court granted wife primary legal and physical rights of the children. The court also denied husband's request for spousal maintenance. In dividing the marital assets, the court considered the statutory factors. The court found that wife had contributed the far greater share of investment into the property of the marriage. Although the court recognized that husband had contributed some sweat equity, the court found that his contribution was measurably less than wife's considering neither house was ever completed. The court also noted that wife's ongoing role as primary caregiver will negatively impact her ability to earn significantly more income. As to husband's future economic prospects, the court found that husband is capable of producing more income through his self employment than he currently does.

The court's treatment of the real estate did not suit husband. The court did not assign any value to the 12.98 acres of land in Danby, given the restrictions placed on it. The court found that husband's appraisals of the property in Israel did not take into account the restrictions on wife's ownership or her mother's self-serving power of attorney. The court concluded that much like the 12.98 acres in Danby, wife's interest in the properties was too vague to be considered in distribution of property. Overall, the court determined that wife made a greater contribution to the marital estate and divided the marital property 60-40 in her favor. The court divided the marital assets, and ordered the Pawlet property to be sold with the proceeds to be distributed so that wife received 60% overall.

2

On appeal, husband argues that the court erred in failing to consider wife's interest in the two properties in Israel, and in giving wife a greater share of the marital property where husband had medical problems that limited his earning capacity.

"As we have often noted, property division is not an exact science, and the trial court has broad discretion" in fashioning an appropriate award. Cabot v. Cabot, 166 Vt. 485, 500 (1997). We will uphold a property division "where the findings reasonably support the judgment." Goodrich v. Goodrich, 158 Vt. 587, 593 (1992). The court's statutory duty is to "equitably divide and assign" the marital property in light of a number of factors, including the length of the marriage, the age, health, income, and earning power of the parties, the source of the property, the parties' respective contributions, monetary as well as nonmonetary, and the opportunity for future acquisition of assets. 15 V.S.A. § 751(a), (b). The trial court enjoys broad discretion in considering these factors and is not required to weigh them "with mathematical precision." Dreves v. Dreves, 160 Vt. 330, 333 (1993); see also Slade v. Slade, 2005 VT 39, ¶ 9, 178 Vt. 540 (mem.) ("Dividing property to achieve an equitable result is not a science susceptible to hard and fast rules . . . .").

Husband's first claim of error involves the court's determinations concerning wife's interest in the Israel properties. The court found that "the present value of [wife's] interest in [the two Israel] properties is marginal at best, given that she has no present authority to do anything with either property." In other words, the court concluded that the interest was marital property subject to division under § 751(a),[1] but concluded that wife's interest was so remote that it had no present value.

Husband argues that wife's interest had an ascertainable worth and the court erred in assigning it no value. There was no abuse of discretion. The court noted that although husband provided an appraisal of the properties, that appraisal did not take into account wife's mother's interest in the properties or the power of attorney that prohibits wife from renting, mortgaging or selling either property. Unlike Chilkott v. Chilkott, 158 Vt. 193, 197 (1992), upon which husband relies, here there was no evidence as to the current value of wife's interest. In Chilkott, there was expert testimony on the current value of the husband's interest in an irrevocable trust. Given the lack of evidence regarding the present value of wife's interest and the considerable restrictions on wife's exercise of her property interest, the court did not err in assigning no present value to the asset.

Husband also argues that the court should have considered this future expectancy in its evaluation of wife's opportunity for future acquisition of assets when evaluating the statutory factors. 15 V.S.A. § 751(b)(8)[2]; see Billings v. Billings, 2011 VT 116, ¶ 23, 190 Vt. 487 (holding that future inheritances may be considered under § 751(b)(8)). The trial court has broad

---

[1] Some of husband's other arguments center around proving that wife's interest in the properties in Israel is a marital property interest under § 751(a). Because the court agreed and found that the interest was marital property, we do not address these arguments.

[2] The Legislature recently amended this section to exclude consideration of such assets. See 2013, No. 63, § 1 (effective July 1, 2013). We apply the statute in effect at the time this case was litigated.

3

discretion in deciding how to weigh the different factors in § 751(b). Here, the court acknowledged the instruction in <u>Billings</u> to consider future expectancy interests in its evaluation of each party's ability to acquire future wealth. Nonetheless, the court concluded that wife's expectancy in those properties was too vague to be considered in the distribution of assets. The court properly exercised its discretion. Considering the speculative nature of any interest wife might eventually obtain in the properties, it was within the court's discretion to place no practical value, or weight, to the Israel properties in its distribution of assets. <u>Billings</u>, 2011 VT 116, ¶ 24 (explaining that "uncertainty over the timing and amount of . . . future assets" affects how much weight court assigns and as result future expectancies may not change marital distribution).

Husband next argues that the court abused its discretion in concluding that his health issues do not prevent him from working full time. The court recognized that husband has some physical limitations, including back problems, which cause him pain. Nonetheless, the court concluded that his physical limits do not prevent him from being employed full time. The court found that husband is capable of producing more income through his self employment, but "[h]is work ethic is not nearly as intense as [wife's] is." The court noted that if husband has a disability that prevents him from working, he could apply for social security disability. Husband responds that he is not totally disabled, as required for disability benefits, and argues that the court erred in distributing property as if imputing to husband earnings that he is unable to make.

There was no error. The court did not impute a specific amount of income to husband; the court merely found that husband's physical impairments did not prevent him from working full time. This finding is consistent with the evidence at trial. Husband testified that his injuries slowed him down. He works a few hours at a time and then has to take a break. He did not testify that he was unable to work full time. Husband does not point to any particular evidence, such as expert testimony, at trial to support his theory that his medical condition necessarily limits his earnings. Assuming his back problems do not allow husband full employment as a farrier or metal worker, there was no evidence, and the court was not persuaded, that his health required him to earn less than minimum wage. Moreover, the court's division of property was equitable in light of all the statutory factors, only one of which was the income of the parties. The court's decision reflects that it considered all of the relevant factors and made an equitable division of marital property.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

4