*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-395

FEBRUARY TERM, 2014

| | | |
|---|---|---|
| Holly Nichols | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| John Nichols | } | DOCKET NO. F675-8-12 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order of the superior court, family division, arguing that the court failed to make findings that sufficiently articulate the basis for its maintenance award. We affirm.

When wife filed for divorce, the parties had been married for over thirty years and had no minor children. During the marriage, wife was primarily a homemaker for husband and the parties' two children, while husband worked for a pharmaceutical company. At the time of the final hearing, husband was fifty-seven years old with an average annual income during the previous five-year period of well over $200,000. Wife, on the other hand, was fifty-nine years old and had not worked full-time since early in the parties' marriage, in the mid-1980s. The parties presented a property settlement agreement to the court, leaving maintenance as the primary contested issue at the final hearing. Husband proposed that he pay wife monthly maintenance in the amount of $5500, without specifically stating how long it should continue. Wife requested a monthly maintenance award of $7500 for a period of nine years.

From the bench, the court announced that it would award wife $6500 per month, stating that it reduced the amount requested by wife because it would impute income to her based on the assumption that she probably could earn more than minimum wage after a time. The court asked wife's attorney to prepare "the proposed final order with findings," noting that her summary sheets contained most of the needed findings. As it turns out, the final order prepared by wife's attorney contained no findings but rather a detailed four-page order concerning property distribution, maintenance, and other subjects. As for maintenance, beyond the award itself the final order indicated only that the court had taken "into consideration the relevant facts and circumstances including, but not limited to, the financial circumstances of the respective parties, the differences in income and employability, and the length of the marriage." The order provided that maintenance will continue until husband retires or reaches the age of sixty-six and four months, whichever is later.

On appeal, husband acknowledges that he has a significant burden in challenging the court's discretionary maintenance determination, but argues that the court's decision must be

reversed because its limited findings fail to provide a clear statement as to what was decided and why. Husband notes that wife received substantial marital assets from the divorce, including half of his defined benefit pension, which by itself provided her with $1 million. Yet, husband observes, the court failed to explain whether it took into account the property distribution or whether wife's assets from that distribution would allow her to maintain the same standard of living she enjoyed during the marriage. We find no merit to this argument.

In this case, neither party requested findings. "[A] failure to request findings has the effect of precluding any claim challenging the adequacy of the findings when the court does not make them on its own initiative." Slade v. Slade, 2005 VT 39, ¶ 5, 178 Vt. 540 (mem.) (quotation omitted). In such a case, we "assume that the trial court found every contested issue of fact necessary to sustain the judgment," and the issue becomes whether, considering the court's wide discretion and viewing the evidence most favorably to the non-appealing party, the evidence supports the court's decision. Id. If a court makes findings on its own initiative, even if the parties did not request them, "the findings must be adequate to explain to the parties, and to this Court on appeal, how the family court arrived at its decision." Id.

In this case, husband offered to pay monthly maintenance in the amount of $5500, and wife asked for $7500. Therefore, the court was not compelled to explain the need for maintenance; the only question was the amount and duration of the award. The court decided to split the difference between the parties' requests, explaining that it was imputing income to wife because she was capable of working and eventually making more than minimum wage. To the extent that the court's limited comments cannot be considered findings, the court acted well within its discretion in setting the monthly maintenance amount at $6500—$1000 more than husband wanted and $1000 less than wife wanted—until husband retired, given the parties' long-term marriage during which wife worked as a homemaker while husband reached an annual income level of well over $200,000. Indeed, husband himself acknowledges in his brief that wife could "point to testimony in the record that would justify the alimony award, both as to its extent as well as to it[s] duration." To the extent that the court's comments can be considered findings, see Maurer v. Maurer, 2005 VT 26, ¶ 13, 178 Vt. 489 (mem.) (concluding that court's informal comments regarding parental rights and responsibilities constituted findings that were inadequate to support its decision to modify those rights and responsibilities), they adequately explain its reason for awarding maintenance at the level it did.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

2