Barry L. Moulton v. Mindy L. Moulton

[352 A.2d 680]

No. 207-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 3, 1976

*Adams, Meaker and Darby*, Waterbury, for Plaintiff.

**Larrow, J.** Plaintiff-appellant, successful below in obtaining a judgment for divorce, appeals from that portion of the judgment order which awarded $12.50 per week for the support of his infant child, payable to the Department of Social Welfare so long as the defendant is receiving support from that department. The order, which contravenes a stipulation between the parties for a $5.00 per week support order, was issued after the trial court expressed dissatisfaction with the stipulation and held a further hearing on this question. Other provisions of the stipulation, as to custody and disposition of personal property, were incorporated in the order. Two notices of decision were filed by the court under V.R.C.P. 52(a), one after the original hearing and another, amending the first, after the second hearing. At no time did either party request findings of fact.

Appellant urges that the trial court should have made such findings "upon its own initiative" under V.R.C.P. 52(a). He further contends that any findings which might have supported the order would not themselves have been supported by the evidence. Appellee, obviously without personal interest in the outcome so long as she remains a welfare recipient, does not appear in this Court or brief any of the issues.

■ We do not agree with appellant's construction of V.R.C.P. 52(a). By its plain language, the rule requires findings to be made by the trial court only when seasonably requested by a party. Absent such request, findings are optional with the court. The purpose of the rule was to eliminate the former requirement of findings in every case unless expressly waived. The entitlement to findings still exists, where request is made under the rule. But the slight measure of diligence which the rule requires of trial counsel cannot be eliminated by an appellate claim that the trial court abused its discretion in failing to make findings even though none were asked for. Appellant misconstrues the language of *Strope* v. *Strope*, 131 Vt. 210, 216, 303 A.2d 805 (1973), to the effect that the record must demonstrate a compelling reason for nonacceptance of the stipulation. The term "record" does not postulate the necessity of findings; in their absence the question becomes one of whether the order is supported by the evidence.

■ ■ *Strope* also lays down the general rule requiring judicial recognition of alimony agreements where they appear to be reasonable, fair and not collusive. Agreements as to child support should receive consideration under the same general principles, but with closer examination to determine that the interests of minor children are not stipulated away by parents unmindful of their obligations. In the instant case, the record clearly demonstrates that the stipulation was not reasonable within the intendment of *Strope*. The appellant's natural interest was to reduce his overall obligation. The appellee's interest was for all practical purposes nonexistent, as evidenced by her nonappearance here. Payments under the order were to be made to the Department of Social Welfare, which has by statute (15 V.S.A. § 603; 15 V.S.A. § 760) the right to institute contempt proceedings for nonpayment and to reduce delinquencies to judgment. It is apparent that as a practical matter the appellee's consent to the stipulation was that of a formal party only, not that of a party with a real interest in the event. Under the circumstances, the trial court was clearly justified in disregarding the stipulation as neither reasonable nor fair. Indeed, a finding of collusion, however innocent, would have been justified.

Findings of fact were not required, and the record supports the order as made.

*Judgment affirmed.*