## Gwendolyn Schwartz, Executrix of the Estate of Seymour M. Schwartz v. Town of Norwich

[400 A.2d 991]

No. 155-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*Laurence F. Gardner,* Hanover, New Hampshire, for Plaintiff.

*Garfield H. Miller* of *Black & Plante,* White River Junction, for Defendant.

**Larrow, J.** This is an appeal from a 1974 real estate tax appraisal in the Town of Norwich, which pursued the statutory route from listers to board of civil authority to superior court. A notice of decision was rendered by that court, and judgment later entered thereon, after we had remanded a premature appeal for that purpose. No express findings of fact were made by the trial court, but brief, conclusory findings were incorporated in the notice (captioned by the court a "Memorandum of Decision"). Unlike most cases of this nature, there is no claim of appraisal above fair market value; the

purchase price of the property in the previous year was more than twice the appraised value found. The only question raised is the comparability of that appraisal with similar properties in Norwich.

■ Plaintiff's attack upon the findings of the trial court as inadequate runs into two immediate obstacles. V.R.C.P. 52(a) does not require findings at all, unless a party requests them. The same rule also provides that where an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Here they do so appear, and no other or further findings were at any time requested by the appellant. This posture of the case bars plaintiff's complaint about inadequacy of the findings; none at all were required. *Moulton* v. *Moulton,* 134 Vt. 125, 127, 352 A.2d 680, 681 (1976).

■ Under V.R.C.P. 52(b), however, appellant is not precluded from raising here the sufficiency of the evidence to support the findings. She has done so, and we have examined the record. Essentially, her argument goes only to the weight of the evidence presented below, which we have repeatedly held to be for the trier and not for us. E.g., *Monti* v. *Town of Northfield,* 135 Vt. 97, 100, 369 A.2d 1373, 1376 (1977). The evidence was, as it usually is, conflicting, but there was certainly evidence sufficient to justify the factual conclusion of the trial court that appellant's appraisal was "well within the spread" and that her premises were appraised in accordance with other comparable properties in the Town of Norwich. She simply failed to meet the burden of persuasion on the contested issue, which remains at all times with the taxpayer in a 32 V.S.A. § 4467 proceeding. *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 508, 367 A.2d 1363, 1369 (1976).

*Judgment affirmed.*