## William F. Helm v. Ana Del Carmen Helm

[534 A.2d 196]

No. 84-428

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.), and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed August 14, 1987

*Rexford & Kilmartin*, Newport, for Plaintiff-Appellant.

*Gregory P. Howe*, Newport, and *Michael Rose* (On the Brief), St. Albans, for Defendant-Appellee.

**Barney, C.J.** (Ret.), Specially Assigned. This is a divorce case in which the only issue raised in this Court relates to the distribution of marital assets. The plaintiff-husband felt a cash settlement of $2,500 would be fair; the defendant-wife sought $15,000. The trial court settled on $6,000, and the plaintiff appealed. We affirm.

The story of the marriage has all the complexities probable in a union between a forty-year-old government secretary from Bogota, Colombia, and a fifty-year-old grain and feed salesman from New England after a correspondence courtship. The plaintiff had been married three previous times. He sought to end this marriage after less than eleven months.

The defendant left Colombia and came to live with the plaintiff in Barton, Vermont. When she later left on a six-week trip to Bogota to collect some severance pay and tend to some property she owned there, the plaintiff sent her a letter saying he wanted a divorce. She returned to Vermont to find out why he wanted to end the relationship. The divorce action went forward, was heard on the merits, and this appeal followed.

The challenge of the plaintiff is based on the technical insufficiency he claims to find in the decision below. He faults the trial court for not making essential factual determinations to satisfy the standards of 15 V.S.A. § 751(a) in reaching the required equitable distribution of the property of the parties. He comes to this position by insisting that the decision of the court, although labelled "Notice of Decision," was, in truth, a set of findings of fact and conclusions of law.

If these are in fact "findings" in the sense contemplated by V.R.C.P. 52(a), the plaintiff is in the same position as a litigant in a case where a court has made a full set of findings sua sponte.

Our law tests intended, formal, findings by the same standard of adequacy to support the result, whether they are made after the filing of requests or by the court on its own initiative. *Jensen* v. *Jensen*, 139 Vt. 551, 553, 433 A.2d 258, 259 (1981). In both situations the court has, with deliberation, produced what it intended to be findings, which require no inferential analysis to be taken to be such.

The fact that the decision of the court was given orally from the bench and recorded in open court does not affect the outcome. V.R.C.P. 52(a) unmistakably authorizes the giving of findings and conclusions of law in that manner. As the Reporter's Notes point out, at one time a statute required written findings, and, although that statute was superseded by the Rules of Civil Procedure, the requirement itself was generally presumed to be still in force until clarified by the amendment of this rule effective in 1984. See *Micalite Sign Corp.* v. *State Highway Department*, 126 Vt. 498, 500, 236 A.2d 680, 682 (1967). Since the notice of decision was itself a creature of the rules and had no statutory background requiring it to be in writing, there is no obstacle to the use of the oral procedure with respect to notices of decision. This is particularly so since even the total absence of a notice of decision is not necessarily fatal. *Brower* v. *Hill*, 133 Vt. 599, 603, 349 A.2d 901, 904-05 (1975).

If the trial court's action in this case is no more than a notice of decision under V.R.C.P. 52(a), that rule provides that findings, if desired by the parties, must be generated by a request made in writing within five days after the notice of the decision. No such request was made by either party in this case. Failure to so request findings would have the effect of precluding any claim challenging the adequacy of the findings. *Schwartz* v. *Town of Norwich*, 137 Vt. 130, 131, 400 A.2d 991, 992 (1979); *Moulton* v. *Moulton*, 134 Vt. 125, 127, 352 A.2d 680, 681 (1976).

It is the argument of the plaintiff that, since the trial court in its discussions in open court leading up to the enunciation of the notice of decision used, in several places, expressions such as "we find" and "we do find," those statements must be taken to be "findings" in the sense of the rules of procedure and give him the right to challenge them.

Where the trial court has stated that its decision is a notice of decision, it is to be taken as the intention of the court to have the provisions of V.R.C.P. 52(a) be applicable to that decision,

with "findings" to be furnished only if generated by requests. This is but a special circumstance of the usual rule that a trial court not be put in error without an opportunity to pass on the question at issue. See *State* v. *Turner*, 145 Vt. 399, 403, 491 A.2d 338, 340-41 (1985).

Findings are a formal, deliberate statement of a court's determination of facts. To convert unguarded or conversational comments, expressly not intended to be final or dispositive, into formal decisions is to contravene the careful construction of findings of fact contemplated by our cases and the rules. The unstudied use of even such phrases as "we find" or "we do find" in discussions prior to the formal announcement of a notice of decision does not operate to change remarks from the bench into intentional findings within the meaning of V.R.C.P. 52(a). To attempt to attach such legal consequences to off-hand or casual statements that run counter to, and are not incorporated in, decisions, judgments or orders lacks justification. *Kallstrom* v. *Kallstrom*, 265 Or. 481, 484, 509 P.2d 1195, 1196 (1973). To hold otherwise would be to create traps and pitfalls for unwary triers, do violence to whatever substantive results that court intended to achieve and do mischief to the parties and the orderly course of their litigation. There is no reason to treat the formal statement made by the court below as anything other than what it said it was—a notice of decision.

If, even in the face of that positive language, there was any uncertainty in the minds of either party, it was subject to quick clarification. A motion for findings promptly made under V.R.C.P. 52(a) would have resolved the issue. As it is, with respect to what was done, this plaintiff is in no better position to complain of the adequacy of the findings made or not made than the plaintiff in *Schwartz*, 137 Vt. at 131, 400 A.2d at 992. Plaintiff's challenges to alleged findings fail because none were requested, none were intended, none were made, and none were required.

This does not end the matter. Even in the absence of findings the plaintiff is entitled to review. The question becomes whether or not, viewing that evidence in the light most favorable to the prevailing party, there is support in the evidence for the decree of divorce as made. *Lanphere* v. *Beede*, 141 Vt. 126, 128-29, 446 A.2d 340, 341 (1982).

Briefly put, the transcript discloses a property-owning plaintiff with a net worth of over $60,000, even after considerable

expenditures intended to reduce his marital estate. The defendant owned an apartment in Colombia, valued at $20,000, the rental income from which supported her 80 year old mother. She also had a bank account containing $1,300 and some gold jewelry. The court left each party in possession of his or her own property, then awarded the $6,000 already noted to the defendant. Nothing has indicated that this was not an equitable division supported by the testimony. *Moulton*, 134 Vt. at 127, 352 A.2d at 681; compare *Atwood* v. *Atwood*, 143 Vt. 298, 300-01, 465 A.2d 1354, 1355-56 (1983).

*Affirmed.*