446

## Charles A. Paquette v. Patricia A. Paquette

[535 A.2d 785]

No. 86-266

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.),**
**Specially Assigned**

Opinion Filed October 2, 1987

*William A. Fead* of *Doremus, Congleton & Jenkins*, Essex
Junction, for Plaintiff-Appellant.

*Peter J. R. Martin*, St. Albans, for Defendant-Appellee.

**Gibson, J.** In this divorce case, the plaintiff-husband appeals,
alleging abuse of discretion by the trial court in its distribution of
the marital estate and its awards of spousal maintenance and at-
torney fees to the defendant. We reverse.

The parties were married in 1965 and separated in 1984. Three
children were born during the marriage, two of whom were minors
at the time of the divorce. The trial court awarded custody of the
minor children to the plaintiff. At the time of the hearing, plain-

tiff earned approximately $30,000 per year, while defendant's annual income amounted to about $15,000. The court ordered plaintiff to pay the defendant $75 per week in spousal maintenance and awarded defendant approximately 90% of the marital estate, including the marital homestead having an equity value of $44,000-55,000. The court made its award in an oral notice of decision at the close of the evidence. No findings of fact were made by the court.

In distributing marital property under 15 V.S.A. § 751, the trial court possesses wide discretion which will not normally be disturbed by this Court " 'without a showing of abuse or withholding of that discretion.' " *Daitchman* v. *Daitchman*, 145 Vt. 145, 152, 483 A.2d 270, 272 (1984) (quoting *Colm* v. *Colm*, 137 Vt. 487, 491, 407 A.2d 184, 186 (1979)). This discretion is not unlimited, however, and if it appears

> to the reviewing court that it has been improperly exercised or its bounds have been exceeded, corrective action is appropriate. Furthermore, where there is a shortage or absence of findings and the result on its face appears to be unsupportable, this Court is justified in remanding for clarification and support.

*Cleary* v. *Cleary*, 134 Vt. 181, 182, 353 A.2d 334, 335-36 (1976).

On its face, the divorce decree exhibits a troubling degree of inequity in the division of the marital estate. Approximately 90% of the marital estate, plus maintenance, was awarded to defendant without a word of explanation. In addition, the marital homestead, including the children's bedroom furniture, was awarded to defendant despite the fact that plaintiff was the custodial parent. This unusual division of marital property[1] leaves us in much the same position as the Court in *Cleary*. There is an absence of findings, and the result on its face appears to be unsupportable.

Neither party, unfortunately, requested the trial court to make findings of fact which would have clarified the reason for the great disparity in the awards.[2] Failure to request findings

---

[1] See 15 V.S.A. § 751(b)(7), (9) (guidelines for courts in distributing marital property suggesting that amount of property settlement should be influenced by the existence of maintenance award and the "desireability" of awarding the family home to the custodial parent).

[2] Under V.R.C.P. 52, a court is not required to make findings where none are requested. See *Moulton* v. *Moulton*, 134 Vt. 125, 127, 352 A.2d 680, 681 (1976).

does not prevent this Court from reviewing the issues presented. *Helm* v. *Helm*, 148 Vt. 336, 534 A.2d 196 (1987). In assessing whether the trial court abused its discretion in its division of the marital estate and its awards of spousal maintenance and attorney fees in the instant case, we cannot know the rationale underlying the trial court's actions without formal findings of fact. It would be fruitless for this Court to speculate as to why the trial court acted as it did here. Because the result on its face is unsupportable, as a matter of law, without findings to justify it, we must reverse the trial court's decision and remand for a new hearing. *Cleary*, 134 Vt. at 182, 353 A.2d at 336; *vanLoon* v. *vanLoon*, 132 Vt. 236, 242, 315 A.2d 866, 870 (1974); see also *Osborn* v. *Osborn*, 147 Vt. 432, 435, 519 A.2d 1161, 1163 (1986) (where property award vacated, court must also reconsider award of maintenance).

*Reversed and remanded for rehearing on the issues of division of the marital estate, spousal maintenance and awarding of attorney fees. Remainder of decree is affirmed.*