## Mary Leonard v. Allen C. Leonard

[552 A.2d 394]

No. 87-174

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed July 15, 1988

*Fink & Birmingham, P.C.*, Ludlow, for Plaintiff-Appellee.

*Bruce M. Lawlor*, Springfield, for Defendant-Appellant.

**Gibson, J.** Defendant appeals the trial court's award of virtually all the marital property to plaintiff upon their divorce. Defendant also asserts that the property disposition award was based, at least in part, on defendant's admitted criminal conduct of lewd and lascivious acts on plaintiff's minor child by a prior marriage, and thus, constituted an additional punishment for this crime in violation of his constitutional right against double jeopardy. We affirm.

Neither party requested findings of fact, and the trial court made no findings. Failure to make findings of fact does not preclude our review of the instant case, however. See *Helm* v. *Helm,* 148 Vt. 336, 339, 534 A.2d 196, 198 (1987) (in absence of findings, question becomes whether or not, viewing evidence in light most favorable to prevailing party, there is support in the evidence for the decree).

The trial court possesses wide discretion in distributing marital property. *Emmons* v. *Emmons,* 141 Vt. 508, 510-11. 450 A.2d 1113. 1115 (1982). Such discretionary award shall not be disturbed absent a showing of an abuse of that discretion. *Paquette* v. *Paquette,* 148 Vt. 446, 447, 535 A.2d 785, 786 (1987). Where a property award allows one party no assets, such a decision warrants the strictest scrutiny. *Andreson* v. *Andreson,* 145 Vt. 634, 636, 497 A.2d 371, 373 (1985). Despite this rigorous standard and the lack of formal findings of fact, the record herein offers considerable support for the trial court's distribution of the marital estate.

The major marital asset consisted of the homestead premises, which, the evidence reveals, had a net value of between $11,400 and $14,000. Plaintiff contributed to the marriage her premarital savings of $7,000, and when the marriage was terminated, she had no savings, was unemployed, and had not worked outside the home for seventeen years. Defendant enjoyed a trade which provided him with a ready income. Plaintiff sought the return of her savings and one-half of the marital estate, a result accomplished by the award to her of the homestead premises. The paucity of the available resources of the parties and the evidentiary support for the trial court's disposition distinguishes this

case from *Andreson.* See *Andreson.* 145 Vt. at 635-36, 497 A.2d at 372-73 (property awarded had net equity of $102,000; transcript did not assist in determining propriety of the property distribution award). It is clear that the property award did not amount to an abuse of discretion, as a matter of law, necessitating reversal of the trial court's decision. See *Paquette,* 148 Vt. at 447, 535 A.2d at 787.

Defendant offers no legal precedent or valid rationale in support of his claim of a violation of his constitutional rights against double jeopardy, and we perceive no merit to this portion of his argument.

*Affirmed.*