*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-415

MAY TERM, 2014

| | | |
|---|---|---|
| Suzanne E. Blanchard | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Nancy DeLuca | } | DOCKET NO. F759-9-10 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the court's decision granting sole legal and physical rights and responsibilities of the parties' children to defendant. On appeal, plaintiff argues that the court failed to find the requisite change of circumstances necessary to modify custody, and did not properly examine the best interests of the children. We affirm.

The parties are parents to two children whom the parties adopted when they were living together as a couple. After the parties' separation in September 2011, they entered a stipulation, approved by the court, to share custody. In 2012, the parties disagreed on whether the children would attend school in plaintiff's or defendant's town. They attended arbitration and the arbiter ruled that the children would attend school in Colchester, where defendant lives.

In July 2013, defendant moved to modify the shared parental rights agreement. She requested that the court grant her sole parental rights and responsibilities. She stated the parties were no longer able to communicate or to co-parent. She further stated that plaintiff's mental disability and cognitive impairments had worsened and impacted her ability to parent and communicate, that the parties' son was not arriving to school on time while in plaintiff's care, and that plaintiff was scheduling activities and taking the children to the emergency room without consulting defendant. She explained that she had attempted to schedule mediation, but that it was canceled after plaintiff filed an emergency relief-from-abuse petition against defendant just prior to the mediation.

Plaintiff opposed any change to the shared parenting agreement. She argued that there was no basis to modify because mediation was required prior to court involvement, and there had been no real, substantial and unanticipated change of circumstances. The court held a hearing on the motion over two days, at which both parties testified.

In a written order, the court found that plaintiff has both physical and mental medical conditions. She has cognitive impairments, is forgetful, and has difficulty keeping things in order and making decisions. She has difficulty getting along with daycare providers and teachers. Plaintiff claimed that defendant was physically and emotionally abusive during the relationship. Defendant denied any abuse. The court found defendant more credible and did not

find that abuse had occurred, although the court acknowledged that plaintiff may sincerely believe she was abused. The court found that plaintiff's fear of defendant has made joint decisionmaking impossible. She has called the police on defendant without cause, threatened to call the police and filed an unsupported relief-from-abuse petition against defendant.

The court found that the parties' relationship and ability to co-parent had significantly deteriorated since they entered the shared parenting agreement, and that they could no longer share parental rights. The court then considered the children's best interests, and granted defendant sole legal and physical rights, with parent-child contact for plaintiff on alternating weekends and after school one day a week. This appeal followed.

When faced with a motion to modify a parental rights and responsibilities order, the court must make a threshold finding that there has been a real, substantial, and unanticipated change of circumstances before it may determine whether a modification of custody is in the children's best interests. 15 V.S.A. § 668(a); see Gates v. Gates, 168 Vt. 64, 69 (1998). The moving party bears the burden of proving a change of circumstances, but the decision lies within the sound discretion of the trial court, which will not be disturbed absent an abuse of that discretion. Sundstrom v. Sundstrom, 2004 VT 106, ¶ 29, 177 Vt. 577 (mem.).

On appeal, plaintiff first argues that the court failed to make a threshold finding of a change of circumstances. Plaintiff contends that her medical condition was known at the time the parties entered their shared parenting agreement, and so no circumstances related to her medical condition can form the basis for a change in circumstances.

The court's decision on changed circumstances was based not on plaintiff's medical condition, but on its finding that the parties' relationship and ability to communicate had significantly deteriorated, and thus they could no longer share parental rights. This Court has recognized that "a breakdown in communication between parents" can suffice as a substantial and unanticipated change in circumstances. Maurer v. Maurer, 2005 VT 26, ¶ 8, 178 Vt. 489 (mem.). Here, the court found that the parties' inability to communicate was a new development; while they previously shared decisionmaking and arbitrated disagreements, they were now unable to communicate, plaintiff made decisions without consulting defendant, they had to cancel mediation because plaintiff filed a relief-from-abuse petition, and plaintiff's fear of defendant made it impossible to engage in joint decisionmaking. These findings are supported by defendant's testimony that plaintiff arranged extracurricular activities without joint consultation, plaintiff brought the children to the emergency room without notifying defendant, and the parties' communication had disintegrated over the previous year. Even plaintiff admitted that the parties' communication is "extremely challenging." Therefore, the evidence supports the court's decision that there was a change of circumstances due to the breakdown in communication between the parties.

Plaintiff argues that the court's findings are not supported because the court relied on defendant's testimony, which she claims was not reliable, and the court failed to credit her allegations of abuse. There was no error. Our review of the family court's findings in a custody ruling is highly deferential. Chickanosky v. Chickanosky, 2011 VT 110, ¶ 14, 190 Vt. 435. "Because of its unique position as the trier of fact, the family court alone may evaluate the credibility of witnesses and the weight evidence should be afforded" in assessing motions to modify parental rights and responsibilities. Id. It was within the court's discretion to credit defendant's testimony over plaintiff's, and we will not disturb that judgment on appeal.

Plaintiff also argues that the court erred in failing to admit a school attendance record at the hearing. We conclude there was no error since the lack of the school records caused no prejudice to plaintiff. Both parties agreed at the hearing that their son was tardy for school on many occasions. Plaintiff testified that he was tardy twenty-seven times, and defendant testified that it was thirty. The main dispute was how many of those times were while he was with plaintiff. Plaintiff claimed that seven late arrivals were attributable to defendant, while defendant claimed that only three or four were during her time. While the records were relevant to demonstrating the number of tardy arrivals, they were not relevant to determining which parent was responsible. Therefore, the absence of the record did not prejudice plaintiff.

Plaintiff next claims that modification was not in the children's best interests. When a change of circumstances is found, the court must determine whether a change in parental rights is in the children's best interests. Sundstrom, 2004 VT 106, ¶ 37. The statutory factors in 15 V.S.A. § 665(b) guide the court's analysis, but the court is not required to expound upon each factor. Parker v. Parker, 2012 VT 20, ¶ 19, 191 Vt. 222. Here, the court found that defendant was better able to meet the children's present and future developmental needs, and to foster a positive relationship with both parents. The court explained that plaintiff's excessive and inexcusable number of days bringing their son to school late affected the child's ability to learn. The court also found that plaintiff had no ability to foster a positive relationship between the children and defendant. Therefore, the court determined that custody with defendant was in the children's best interests. Although plaintiff challenges the court's decision and lists the statutory factors, she does not explain how the court's analysis was in error. Because the findings support the court's conclusion to grant sole legal rights and responsibilities to defendant, we affirm that conclusion. Sochin v. Sochin, 2005 VT 36, ¶ 13, 178 Vt. 535 (mem.) (explaining that court has broad discretion in determining child's best interests).

Plaintiff lists several other issues for review, but does not include any discussion of those issues, beyond the headings, to explain what error she alleges. Because her brief is so inadequate that we cannot discern a basis for these arguments, we do not address them. See V.R.A.P. 28(a)(4); Johnson v. Johnson, 158 Vt. 160, 164 n. 1 (1992) (explaining that Supreme Court will not consider arguments not adequately briefed).

Finally, defendant asserts that several documents submitted by plaintiff on appeal were not part of the record below and requests that they be stricken. See V.R.A.P. 10(a) (defining record on appeal). Because this Court has not considered those documents in reaching this decision, the request is denied as moot.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice