Filed 02/23/24

VERMONT SUPERIOR COURT
Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03793

Christopher Kosmalski v. Nicholas Deml, Commissioner VT DOC

## DECISION ON APPEAL

Appellant Christopher Kosmalski appeals from the decision of the Department of Corrections to impose a four-year interruption after his most recent furlough violation. He argues that the record fails to support the Department's determination that this was his third "significant" violation. Thus, he asserts that the court should vacate the interruption and impose a two-year interruption, as called for by the Department's "Response to Furlough Violations" directive in the case of a second "significant violation."

The record establishes that Mr. Kosmalski violated his furlough most recently in June 2023 when he removed his GPS unit and absconded. It establishes further that he did the same in April 2021. He concedes that each of these was a "significant violation" within the meaning of the "Response to Furlough Violations" directive. He points out, however, that the record is bereft of any detail on his first violation—beyond the assertion that it resulted in a one-year interruption and the subsequent bald assertion that it was a "significant" violation. As Mr. Kosmalski observes, however, the directive in effect at the time of that violation did not sort violations as "significant" or otherwise. Moreover, it allowed the imposition of a one-year interruption for a number of violations that would not qualify as "significant" under the current iteration of the directive. Thus, the court cannot properly infer from the length of the interruption that Mr. Kosmalski's first violation was "significant." In short, the record fails to support DOC's finding in that regard. That failure amounts to an abuse of discretion. *Cf. Mayer v. Mayer*, 144 Vt. 214, 216–17 (1984) ("A major purpose of findings is to enable this Court, on appeal, to determine how the trial court's decision was reached. Therefore, the facts essential to the disposition of the case must be stated.").

The remedy, however, is not to assume that the first violation was not significant. Presumably, DOC has available to it the record of that violation, so as to confirm the proper characterization of the violation. Accordingly, the court remands the matter to DOC for another case staffing. *Cf. Parker v.*

*Parker*, 2012 VT 20, ¶ 13, 191 Vt. 222 ("If the findings are inadequate, we must remand for additional findings.").

## <u>ORDER</u>

The court vacates the four-year interruption imposed by DOC and remands the matter to DOC to conduct another case staffing. At that case staffing, DOC must ensure that there is evidence in the record to support its determination.

Electronically signed pursuant to V.R.E.F. 9(d): 2/23/2024 1:33 PM

_____
Samuel Hoar, Jr.
Superior Court Judge